ORIGINAL

FILED
U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF GEORGIA

## DUBLIN DIVISION

| | |
|---|---|
| JEFFREY BLANCHARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  CV 305-150 |
| | ) |
| MCRAE CORRECTIONAL FACILITY, et al., | ) |
| | ) |
| Defendants. | ) |

## O R D E R

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed.[1] Accordingly,

---

[1] Plaintiff's objections were filed in the form of a motion for an extension of time "to exhaust administrative remedies." Doc. 9. The exhaustion requirement provides that an inmate must exhaust his administrative remedies *before* filing for relief under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Alexander v. Hawk, 159 F.3d 1321, 1328 (11th Cir. 1998); see also Brown v. Sikes, 212 F.3d 1205, 1207 (11th Cir. 2000) ("[W]hen a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit."). The Magistrate Judge advised plaintiff on November 14, 2005, that an inmate must exhaust his administrative remedies prior to filing a Bivens action, and that his complaint would be "subject to dismissal if [he] has not exhausted the available administrative remedies with respect to each claim asserted." Doc. 3 at 2. The Magitrate Judge than gave plaintiff an opportunity to abandon his Bivens complain and pursue his administrative remedies if those remedies were not exhausted. Plaintiff chose not to do so, and the Magistrate Judge properly recommended dismissal for failure to exhaust administrative remedies. Accordingly, the instant motion for an extension of time, Doc. 9, is **DENIED**.

the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. The complaint is **DISMISSED** and judgment shall be **ENTERED** in favor of defendants.

**SO ORDERED** this 22 day of March, 2006.

_____
JOHN F. NANGLE, JUDGE
UNITED STATES DISTRICT COURT